# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.: _____**

Darrel Trout,
    Plaintiff

v.

NCO Financial Systems, Inc.,
    Defendant

_____

## COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Darrel Trout ("Plaintiff"), is a natural person who at all relevant times resided in the State of Colorado, County of Arapahoe, and City of Aurora.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCO Financial Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect

from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant, via its agent and/or employee "Chonda," contacted Plaintiff via Plaintiff's wife's cellular telephone on November 2, 2010 at 1:00 P.M., and at such time, left a voicemail message in which Defendant stated that if Plaintiff did not return the call within the hour, Defendant would initiate litigation immediately.

14. Plaintiff's wife immediately returned the call, and Defendant, via its agent and/or employee "Chonda," stated that it was ready to initiate a lawsuit against Plaintiff and Plaintiff's only way of preventing a lawsuit was to provide Defendant with Plaintiff's bank account information or a post-dated check.

15. When Plaintiff's wife refused to provide this information Defendant insisted that Plaintiff call back by November 26, 2010 with Plaintiff's debit card information to prevent a lawsuit. Defendant, as evidenced by its conduct, created a false sense of urgency designed to provoke Plaintiff to return such calls in haste for the purpose of enticing Plaintiff to communicate with a debt collector. (15 U.S.C. §§ 1692e(5), 1692e(10), 1692f).

16. Defendant placed non-emergency calls to Plaintiff's cellular telephone, including, but not limited to November 2, 2010 at 1:00 P.M., without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

December 22, 2010

**/s/ Craig Ehrlich**
**Craig Ehrlich**
**Weisberg & Meyers LLC**
**5025 N. Central Ave., #602**
**Phoenix, AZ 85012**
**Telephone: (602) 445 9819**
**Facsimile: (866) 565 1327**
**Email: CEhrlich@AttorneysForConsumers.com**